IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GRETTA E. SMTIH,

    Plaintiff,

v.    Case No. 17-1270-JWB

VIA CHRISTI and ASSOCIATES, *et al.*,

    Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' motion to enforce settlement. (Doc. 27). For the reasons stated below, Defendants' motion is GRANTED.

**I. Facts**

Plaintiff, pro se, filed an action alleging claims of favoritism, blackmail, and discrimination based on her race and sex in violation of Title VII of the Civil Rights Act of 1964. Plaintiff also claims that she was subjected to retaliation because of her request to transfer and a dispute about the accuracy of a performance evaluation. (Doc. 1.)

According to Defendant's motion, the parties attended a mediation session on March 26, 2018, and reached an agreement for resolution of the action. (Doc. 28 at 2.) The agreement was memorialized in a signed Memorandum of Understanding. (Doc. 28-2.) Plaintiff, soon after receiving a formalized Settlement and Release agreement, allegedly notified Defendants and the mediator that she refused to sign the agreement and demanded $115,000 in exchange for dismissing the action. (Doc. 28, at 2.)

Defendant now requests that the court enforce the parties' settlement agreement and dismiss Plaintiff's complaint as set forth in the signed agreement. Plaintiff has not responded to the motion, and her time for doing so has now expired.

## II. Analysis

The district court has the authority to "summarily enforce a settlement agreement" which was entered into by the parties. *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). A settlement agreement is a type of contract and therefore issues involving the formation, construction and enforceability are governed by state contract law. *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000).

Kansas law favors settlement agreements. *Terracon Consultants, Inc. v. Drash*, No. 2:12-CV-02345-EFM, 2013 WL 6080429, at *6 (D. Kan. Nov. 19, 2013). Under Kansas law, a settlement agreement is enforceable if there has been a meeting of the minds on all essential terms and the parties intend to be bound. *Id.* To constitute a meeting of the minds, the parties must mutually consent and the evidence must show that the parties met upon the same matter and agreed upon the same terms. *Watson v. Marinovich*, No. 98-2380-KHV, 1999 WL 450950, at *2 (D. Kan. June 22, 1999). When determining whether there was an intent to be bound, the court looks to whether the parties' outward expression of assent is sufficient to form a contract. *Sw. & Assocs. v. Steven Enters., LLC*, 32 Kan. App. 2d 778, 781 (Kan. Ct. App. 2004).

Settlement agreements should be enforced unless there is a finding of fraud or bad faith. *Watson*, 1999 WL 450950, at *2. After a party has entered into a settlement agreement, she cannot avoid the terms because she has changed her mind. *TSYS Merch. Sols., LLC v. Pipeline Prods.*, No. 16-4024-SAC, 2016 WL 4702419, at *3 (D. Kan. Sep. 8, 2016). Additionally, "the fact that the parties contemplate the subsequent execution of a formal instrument as evidence of their

agreement does not necessarily imply they have not already bound themselves to a definite and enforceable contract." *Terracon Consultants, Inc.*, 2013 WL 6080429, at *6.

The court finds that the parties' Memorandum of Understanding is a binding contract and is enforceable. In this case, the parties' signed agreement is evidence of mutual consent and shows that the parties had a meeting of the minds regarding the essential terms.

The agreement includes both parties and the essential terms. The essential terms agreed upon include: payment in exchange for dismissal of the complaint, no re-employment with Via Christi, payment of mediator fees, the governing law, and other non-monetary terms. Plaintiff's failure to execute the formalized settlement agreement does not relieve her of her obligations that were set forth in the Memorandum of Understanding. *See Terracon Consultants, Inc.*, 2013 WL 6080429, at *6. Plaintiff cannot simply avoid the terms because she changed her mind. With no evidence of fraud or bad faith, the settlement agreement is binding and must be enforced.

Additionally, plaintiff failed to respond to the motion. Unless the court orders otherwise, replies to a dispositive motion must be filed and served within 21 days. D. Kan. Rule 6.1(d). Without a justifiable excuse, a party or attorney who does not respond to a motion within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. D. Kan. Rule 7.4(b). Under the local rules, when a party fails to respond, the motion is ordinarily viewed as an uncontested motion and is granted. *Limon v. City of Liberal*, No. 02-4019-DWB, 2003 WL 21659655, at *2 (D. Kan. May 19, 2003).

A party's failure to file a response is not, by itself, a sufficient basis on which to enter judgment against the party. *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). The court must make the additional finding that the judgment is appropriate. *Id.* The district court may not grant the motion without examining the moving party's submission to determine if there

3

is a legally sufficient basis to grant the motion. *See Fields v. Corr. Corp. of Am.*, No. 04-6348, 2006 WL 991100, at *1 (10th Cir. Apr. 17, 2006).

Plaintiff waived her right to later file a response because she failed to reply to the motion within the time specified of 21 days. The court therefore views the motion as uncontested. The uncontested facts in Defendants' motion show that Plaintiff entered into a binding Memorandum of Understanding and agreed to dismissal of her claims as part of that settlement. Based on the above analysis, there is a legally sufficient basis to grant the motion and the judgment is appropriate.

Defendants request an award of attorney fees in connection with the filing of their motion. (Doc. 28 at 2.) The prevailing party generally must identify a statutory or contractual right to attorneys' fees in order to obtain such an award. *Schell v. OXY USA, Inc.*, 814 F.3d 1107, 1125 (10th Cir. 2016). Defendants' motion identifies no basis for such an award, and its request is accordingly denied.

**IT IS THEREFORE ORDERED** this 15th day of June, 2018, that Defendants' motion to enforce the settlement agreement (Doc. 27) is GRANTED. Defendants' request for attorney's fees is DENIED. Plaintiff shall execute the parties' formalized Settlement and Release agreement within ten days of the date of this order. After expiration of the ten day period, Defendants may move for dismissal of the action. Plaintiff shall have ten days thereafter to respond to a motion for dismissal.

                                                        ___s/ John W. Broomes_____
                                                        JOHN W. BROOMES
                                                        UNITED STATES DISTRICT JUDGE