IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GRETA SMITH,
    Plaintiff,

vs.            Case No. 17-1270-JWB

VIA CHRISTI AND ASSOCIATES, *et al.*,
    Defendants.

MEMORANDUM AND ORDER

Plaintiff moves the court to set aside its June 15, 2018 order which found a handwritten Memorandum of Understanding (MOU), signed by both parties following a court-ordered mediation, constituted a binding and enforceable settlement agreement. (Doc. 30.) The motion is fully briefed and ripe for decision.[1] (Doc. 33.) Plaintiff's motion is DENIED for the reasons stated herein.

I.  **FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff, proceeding *pro se*, filed suit against her former employer alleging racial discrimination and retaliatory discharge in October 2017. (Doc. 1.) Following a four-hour court ordered mediation, the parties reached an agreement. The essential terms of the agreement were memorialized in the MOU prepared by the mediator and signed by all parties to the agreement. (Doc. 28, Exh. B.)

One week later, Defendant sent Plaintiff the formalized settlement agreement. Five days after the formalized agreement was sent, and twelve days after the mediation, plaintiff informed

---

[1] Plaintiff did not file a reply brief and the time for doing so has now passed.

the mediator that she refused to sign the agreement, instead demanding more money for settlement of her claims. Defendant subsequently filed a motion to enforce the settlement to which Plaintiff failed to respond. The court granted Defendant's motion to enforce the settlement after finding that: (1) a meeting of the minds had occurred during the mediation; (2) the parties reduced the full terms of their agreement to a signed handwritten MOU; and (3) the MOU did not state that it was conditioned upon the execution of a final settlement agreement. (Doc. 29.)

## II. ANALYSIS

Plaintiff does not contest that she reached an agreement following mediation which she voluntarily bargained for and signed; rather, her argument is that she was not aware the agreement was binding and that she believed she had seven days to consider whether to adhere to the terms of the MOU. (Doc. 30.) Plaintiff also asserts that her failure to respond to Defendant's motion to enforce the settlement agreement was due to illness.

Plaintiff does not specify the rule of procedure that she believe requires the court to modify or supplement its June 15, 2018 order. Nevertheless, the court will consider the *pro se* motion liberally.

### A. MOTION FOR RECONSIDERATION

District of Kansas Rule 7.3(a), which governs motions for reconsideration, states that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Federal Rules of Civil Procedure 59(e) or 60. The court will not grant reconsideration of such an order or judgment under this rule." D. Kan. R. 7.3(a).

Here, the order challenged by Plaintiff was dispositive in that it would ultimately result in the dismissal of her action. Thus, the court must decide whether Rule 59 (e) or Rule 60 provides Plaintiff a mechanism for relief.

## B. RULE 59(e) MOTION

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Motions pursuant to Rule 59 are appropriate in the event of "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice," and may be granted "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000).

Here, because Plaintiff's motion was filed within 28 days of the court's judgment, and the motion seeks to alter the substantive ruling of the court, the court could construe Plaintiff's motion as a motion to alter or amend the judgment pursuant to Rule 59(e). However, Plaintiff has not shown a change in controlling law, introduced any new evidence, or identified any clear error in the court's decision.

The only argument Plaintiff has alleged is that she believed she had time to consider and reject the offer and was "unaware" she was signing a binding agreement. But, Plaintiff points to no evidence that this confusion was due to any misrepresentation by the mediator or Defendant. Plaintiff seems to believe that the agreement reached during settlement was not binding until Defendant sent the formalized contract for her to sign.

However, under Kansas contract law, the mere "fact that the parties contemplate the subsequent execution of a formal instrument as evidence of their agreement does not necessarily imply they have not already bound themselves to a definite and enforceable contract." *Phillips & Easton Supply Co., Inc. v. Eleanor Int'l*, 212 Kan. 730, 735 (1973). "A settlement agreement is enforceable if there has been a meeting of the minds on all essential terms and the parties intend to be bound by it." *Terracon Consultants, Inc. v. Drash*, 2013 WL 6080429, at *6 (D. Kan. 2013).

3

The court has already considered the enforceability of the settlement agreement and is unconvinced that the decision requires revisiting. Although Plaintiff's motion identifies some health issues that occurred after the execution of the MOU, Plaintiff fails to present any basis for the court to set aside its decision on the basis of manifest injustice. Thus, Plaintiff's motion fails under Rule 59(e).

### C. RULE 60 MOTION

Rule 60(b) states that the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

The six provisions of Rule 60(b) "are mutually exclusive." *See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Psp.*, 507 U.S. 380, 393, 113 S. Ct. 1489, 1488 (1993). Thus, any claims that fit within one of the specific grounds enumerated in Rule 60(b)(1)-(b)(5) may not be raised under subdivision (6). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, 108 S. Ct. 2194, 2204 (1988); *In re Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996).

After reviewing Plaintiff's motion, the court finds that Plaintiff could be asserting mistake or excusable neglect under Rule 60(b)(1). The other provisions of Rule 60 are inapplicable.

The guidelines governing the court's consideration of a Rule 60(b)(1) motion are well established. "Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts*." Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir.

4

1996). "Rule 60(b)(1) provides for relief from default judgments under the mistake provision only under one of the following prongs: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party; or (2) the court has made a substantive mistake of law or fact in the final judgment or order." *In re Wallace*, 298 B.R. 435, 440 (B.A.P. 10th Cir. 2003), *aff'd*, 99 F. App'x 870 (10th Cir. 2004) (citing *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir.1999)). Here, plaintiff cites her medical condition as the reason for her failure to respond. However, this long-term condition has not prevented her from meeting any previous filing deadlines. Moreover, nothing in Plaintiff's current motion shows grounds for altering the court's prior decision. Nor does the court find Plaintiff's argument that she was unaware the MOU was a binding agreement rises to the level of mistake contemplated by Rule 60(b)(1).

A settlement agreement is a contract and issues involving their formation, construction and enforceability are resolved by applying state contract law. *Terracon Consultants, Inc. v. Drash*, No. 12-2345-EFM, 2013 WL 6080429, *6 (D. Kan. Nov. 19, 2013). In analyzing similar issues, the Kansas Supreme Court follows the rule that, "parties assume the risk of mistake as to matters intended to be resolved by the compromise, a compromise and settlement is not defective merely because the parties were ignorant or mistaken as to the full extent of their rights…. A person who enters into a compromise, consciously ignorant of a fact but meaning to waive all inquiry into it, is not mistaken, in the legal sense; in such a situation it is the intention of the parties to accept the consequences of uncertainty." *In re Estate of Thompson*, 226 Kan. 437, 441, 601 P.2d 1105 (1979) (quoting *Fieser v. Stinnett*, 212 Kan. 26, 32-33, 509 P.2d 1156 (1973)).

Plaintiff fails to allege a mistake in her understanding of the settlement agreement's enforceability which would require the June 2018 order be set aside. Plaintiff's motion concedes

5

she signed an agreement, "but not a contract." (Doc. 30.) However, the formal agreement was but a formality of the already binding MOU agreement, which contained no indication either party requested or negotiated for time to consider the terms further.

With respect to excusable neglect, although Plaintiff's excuse for failing to respond may be meritorious, Plaintiff has not asserted any legal basis to find the MOU unenforceable. Moreover, the court's previous order did not order the enforcement of the MOU solely as an uncontested motion. Rather, the court additionally reviewed the motion on the merits and found the MOU enforceable.

Therefore, Plaintiff's motion to set aside the order under Rule 60(b)(1) is denied.

### III. CONCLUSION

The settlement agreement signed by Plaintiff represented a binding agreement and no mechanism available to Plaintiff persuades the court to set aside its prior order. Therefore, Plaintiff's motion to set aside is DENIED (Doc. 30.) Plaintiff is ordered to execute the formal settlement agreement within 10 days of this order.

**IT IS SO ORDERED** this 24th day of August, 2018.

                                                                     __s/ John W. Broomes_____
                                                                     JOHN W. BROOMES
                                                                     UNITED STATES DISTRICT JUDGE